IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE, INDIANA

| | |
|---|---|
| STACEY JENKINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:20-cv-388 |
| ) | |
| CITY OF FORT WAYNE ) | |
| ) | |
| Defendant, ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of his Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; 28 U.S.C. §§ 1331 and 1343 and Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue on September 2, 2020.

**PARTIES**

3. Plaintiff is an African-American male and at all relevant times he resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. Plaintiff began working for the Defendant in 2005.

6. Plaintiff performed his job well.

7. On September 26, 2018, Plaintiff filed a complaint of disability discrimination with the Indianan Disability Rights Department. As a result of the disability discrimination complaint, the City of Fort Wayne and Defendant entered into a Memorandum of Understanding.

8. Per the Memorandum of Understanding, Plaintiff was to resign from his position and apply to appropriate and available position after a 30-day break in service. In addition, Plaintiff was to be awarded the position as long as he contacted the City Representative and met the minimum qualifications for the position.

9. Plaintiff applied to several positions after his 30-day break in service, contacted the City representative informing him that Plaintiff applied and met all of the minimum qualifications of the position.

10. Plaintiff was not hired for any of the positions.

11. Plaintiff was not even interviewed for any of the positions.

12. Plaintiff was not hired due to his race.

13. Plaintiff was not hired due to his disability.

14. Plaintiff was not hired in retaliation for engaging in protected activity.

## COUNT I

15. Plaintiff incorporates by reference paragraphs 1-14.

16. Defendant, as a result of not hiring Plaintiff due to his race, violated 42 U.S.C. § 1981.

## COUNT II

17. Plaintiff incorporates by reference paragraphs 1-14.

18. Defendant, as a result of not hiring Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

19. Plaintiff incorporates by reference paragraphs 1-14.

20. Defendant, as a result of not hiring Plaintiff due to his disability, violated Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

## COUNT IV

21. Plaintiff incorporates by reference paragraphs 1-14.

22. Defendant, as a result of not hiring Plaintiff because he engaged in protected activity, violated Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff her cost in this action and reasonable attorney fees;

E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

        s//Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

### REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

Amber K. Boyd #31235-49
Amber Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416